**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Taco Spot III LLC, et al.,<br><br>Defendants. | No. CV-24-00993-PHX-ROS<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion for Attorneys' Fees ("Motion") (Doc. 24, "Mot.") seeking **$4,385.00** in fees and costs. For the following reasons, the Court will grant the Motion and award fees in the full amount.

## BACKGROUND

Plaintiff filed this suit for violations of two provisions of the Communications Act of 1934, 47 U.S.C. §§ 553 and 605 against Defendants Taco Spot III LLC and Jorge Ruiz. (Doc. 1). Defendants were properly served (Docs. 12, 17) but failed to answer or otherwise participate in the action. The Court granted default judgment against Defendants in the amount of $7,350.00. (Doc. 22).

## ATTORNEYS' FEES

### I.     Entitlement and Eligibility to Fees

Plaintiff requests $3,210.00 in attorneys' fees and $1,175.00 in costs in accordance with Fed. R. Civ. P. 54, LRCiv 54.2, and 47 U.S.C. § 605(e)(3)(B)(iii). Section 605 provides, "[t]he court shall direct the recovery of full costs, including awarding reasonable

attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Because Plaintiff is the prevailing party under § 605, it is eligible for, and entitled to, an award of fees.

## II. Reasonableness of Requested Award

While the Telecommunications Act provides for a grant of attorneys' fees, "the amount of the award is within the discretion of the court," *Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971). Courts "employ the 'lodestar' method to determine a reasonable attorney's fees award." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (citing *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)). Courts calculate the lodestar figure by "multiplying the number of hours reasonably expended on a case by a reasonable hourly rate." *Id.*

After calculating the lodestar figure, a Court may reduce or increase the award based on a variety of factors. Those factors include: (1) the time and labor required, (2) the novelty and difficulty of the legal questions involved, (3) the skill required to perform the legal service properly, (4) other employment precluded due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) ("*Kerr* factors").[1] The lodestar calculation normally subsumes some of these factors such that the Court need not consider them again after determining the lodestar. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 (9th Cir. 2013) (identifying factors often considered when calculating lodestar).

### A. Hourly Rates

The first question is whether Plaintiffs' asserted rate is reasonable. "A reasonable

---

[1] Local Rule 54.2 also lists factors the Court must address when determining the reasonableness of the requested award. These factors are largely duplicative of the *Kerr* factors.

hourly rate is ordinarily the prevailing market rate in the relevant community." *Sw. Fair Hous. Council v. WG Scottsdale LLC*, 2022 WL 16715613 at *3 (D. Ariz. Nov. 4, 2022) (citing *Kelly*, 822 F.3d at 1099). And "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiff asserts am hourly rate of $300 for attorney Ryan R. Janis of Jekielk & Janis. (Doc. 24-1 at 4). According to Janis' declaration, he has been practicing law for over 15 years and for 14 years his firm has litigated federal piracy claims on behalf of commercial pay-per-view distributors of major televised sporting events. (Doc. 24-1 at 2-3). Plaintiff contends its requested hourly rate of $300 is well below the average hourly rate for attorneys with similar experience, according to a December 2022 edition of Arizona Attorney magazine. (Mot. at 2) (citing Carol Rose, *Arizona Lawyers Report on Economics of Practice*, 59 ARIZ. ATTN'Y, December 2022, at 15 (reporting an average hourly rate of $340 for attorneys with 10 to 19 years of experience)). The Court finds Plaintiff's requested hourly rate is reasonable.

### B. Hours Expended

Under the lodestar method, the prevailing party is generally entitled to recover fees for "every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 486 (D. Ariz. 2019) (quoting *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982)). Courts may "exclude from this initial fee calculation hours that were not reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (internal quotations removed); s*ee also McKown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) ("In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours that are excessive, redundant, or otherwise unnecessary.").

1    Plaintiff submits a log of time counsel expended on the present case with a total of
2 10.7 hours. (Doc. 24, Ex. A). Having carefully considered the time and labor reasonably
3 required for each task on Plaintiff's activity log, the Court finds each of the entries are
4 reasonable. The remaining *Kerr* factors, although not addressed by Plaintiff, do not
5 warrant adjustment of the lodestar figure. Thus, the Court will award attorneys' fees in the
6 sum of $3,210.00.

## COSTS

In addition to attorneys' fees, Plaintiff requests $1,175.00 in costs consisting of $405.00 in filing fees and $770.00 in service of process fees. (Mot. at 1-2; Ex. B). The Court finds Plaintiff's requested out-of-pocket costs reasonable and will award Plaintiff $1,175.00 in costs.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Attorneys' Fee (Doc. 24) is **GRANTED**. The Court awards Plaintiff $3,210.00 in attorneys' fees and $1,175.00 in costs.

Dated this 6th day of June, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge